IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MATTHEW DISNEY, | ) |
|     Plaintiff | ) |
| v. | ) |
| TENNESSEE DEPARTMENT OF SAFETY, an agency of the State of Tennessee; FORMER TENNESSEE DEPARTMENT OF SAFETY COMMISSIONER FRED PHILLIPS, in his individual capacity only; FORMER TENNESSEE DEPARTMENT OF SAFETY DEPUTY COMMISSIONER TOM MOORE, in his individual capacity only; LYNN PITTS, formerly of the Tennessee Highway Patrol, in his individual capacity only; and CAPTAIN CHARLES LAXTON OF THE TENNESSEE HIGHWAY PATROL, in his individual capacity only, | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 3:06-cv-00048 |
|     Defendants | ) |

## MEMORANDUM AND ORDER

Plaintiff filed this civil-rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for alleged violation of his First Amendments rights, seeking declaratory and injunctive relief, as well as monetary damages. Defendant Tennessee Department of Safety (TDS) has filed a motion to dismiss plaintiff's claims against it for monetary damages under Rules 12(b)(1), 12(b)(6), and 12(h)(3), Federal Rules of Civil Procedure [Court File # 7]. That motion is granted and plaintiff's claims for monetary damages

against defendant Tennessee Department of Safety are dismissed.

Plaintiff's action against the State of Tennessee, through its agent TDS, for monetary damages cannot be sustained (1) for lack of subject matter jurisdiction and (2) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6). The United States Supreme Court has held that a private action for monetary damages may not be brought against a state under either section 1983 or section 1985. In *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 64, 71 (1989), the Court held that a state is not a suitable defendant for actions brought under section 1983. Suits brought under section 1985 against states and state agencies are barred by the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 339-42 (1979). As such, plaintiff may not pursue its claims for monetary damages against the State of Tennessee, either directly or through its present action against TDS.

Because claims against a state for monetary damages are not within the scope of the federal statutes upon which plaintiff bases his complaint, this court cannot exercise subject matter jurisdiction over such claims. *See* Fed. R. Civ. P. 12(b)(1). Furthermore, plaintiff's claims for monetary damages are claims for relief which cannot be granted under either section 1983 or sections 1985. *See* Fed. R. Civ. P. 12(b)(6).

Plaintiff filed no answer to defendant's motion to dismiss within the ten days allowed by this court's local rules. E.D. Tenn. R. 7.1(a). Having failed to respond to defendant's motion, plaintiff is deemed to have waived any opposition to that motion. E.D. Tenn. R. 7.2.

The plaintiff's claims for monetary damages against the State of Tennessee fail

for lack of subject matter jurisdiction and fail to state a claim under which relief can be granted. As the plaintiff has waived this issue by failing to respond to defendant's motion to dismiss, the motion is hereby GRANTED and plaintiff's claims for monetary damages against the Tennessee Department of Safety and the State of Tennessee are DISMISSED.

**ENTER:**

_____
James H. Jarvis
UNITED STATES DISTRICT JUDGE